Defendant has moved to dismiss Plaintiff's appeal to the Full Commission due to Plaintiff's failure to file a Form 44 or brief in his case, pursuant to Rule 701 of the North Carolina Workers' Compensation Rules. The undersigned, pursuant to Rule 801, in the interest of justice and noting Plaintiff's current pro se status, have decided to deny defendant's motion and to allow plaintiff's appeal to proceed on the merits.
Upon much detailed reconsideration of the evidence, as a whole, however, the undersigned reach the same facts and conclusions of law as those reached by the Deputy Commissioner, with some modification. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The undersigned find as facts and conclude as matters of law the following which were entered into by the parties at the initial hearing as
STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. A joint exhibits index marked as stipulated exhibit number 1, consisting of plaintiff's medical records from the North Carolina Department of Corrections, plaintiff's medical records from Pinehurst Surgical Clinic, defendants' medical records from Pinehurst Surgical Clinic, and defendant's personnel file for plaintiff, has been stipulated into evidence.
3. Subsequent to the initial hearing, a Form 22 was marked as stipulated exhibit 2 and was received into evidence.
***********
Based upon all of the competent, credible, and convincing evidence in the record, the undersigned make the following
FINDINGS OF FACT
1. In 1992 in Cumberland County Superior Court, the superior court judge convicted plaintiff on one count of possession of cocaine and a misdemeanor count of possession of drug paraphernalia. The court suspended plaintiff's sentence and placed him on supervised probation for a term of five years. However, in June 1994, plaintiff violated the terms and conditions of his probationary sentence, and the court activated the plaintiff's underlying sentence.
2. Plaintiff obtained employment with the defendant-employer in an ice stack off position on December 5, 1994. Plaintiff worked for the defendant-employer through a work release program out of the Richmond County Correctional Center.
3. From the outset, plaintiff sought medical treatment for a variety of problems at the medical department with the defendant-employer. On December 7, 1994, plaintiff reported that he had injured the top of his left foot after slipping on some grease. On December 12, 1994, plaintiff reported that he had pain in his left ear. On December 20, 1994, plaintiff reported that he had cut his left hand between his thumb and index finger. On December 21, 1994, plaintiff reported swelling of his left thumb.
4. On December 23, 1994, plaintiff worked in the stack off area. Plaintiff was in the process of loading a tractor trailer with a fork lift when the wheels on the fork lift became lodged between the trailer and the loading dock. In order to dislodge the fork lift from its position, plaintiff's supervisor rammed plaintiff's forklift from behind. Plaintiff realized that he was going to be struck by the blades of the other forklift and attempted to jump out of the way. Plaintiff's right ankle became lodged between the forklift blades and the inside wall of the tractor-trailer.
5 On December 23, 1994, plaintiff reported to his supervisor, Lonnie Johnson, that he was hurt very badly following the above described incident. Mr. Johnson directed plaintiff to obtain treatment at the company medical department. Plaintiff went to the medical department, but then refused to allow Nurse McIver to treat him. Plaintiff reported to Nurse McIver that he quit, and Nurse McIver in turn, reported to Mr. Johnson that the plaintiff had said he was going to quit.
6. Several hours later on December 23, 1994, plaintiff returned to the medical department in order to go ahead and receive treatment for his right ankle. Plaintiff reported to Nurse Lynda Gibson that his right ankle felt like a basketball strain. Plaintiff's ankle was a little tender but it was not bruised or swollen.
7. Plaintiff did not report a back or neck problem to Nurse Gibson.
8. Plaintiff returned back to the prison unit where he first began complaining that he had sustained a neck and back injury. On December 27, 1994, a prison official notified Nurse Gibson of plaintiff's back and neck claim.
9. Nurse Gibson scheduled an appointment with orthopedist, Stanley Vetters, on behalf of the plaintiff. On December 29, 1994, plaintiff refused to be treated by Dr. Vetters.
10. There is a lack of sufficient expert medical evidence to support a finding that plaintiff was unable to earn any wages for any period of time as a result of the December 23, 1994 forklift incident.
11. As a result of the December 23, 1994 forklift incident, plaintiff sustained a very mild ankle sprain. Plaintiff did not sustain a neck or back injury as a result of the December 23, 1994 forklift incident.
12. The set of circumstances whereby plaintiff injured his right ankle constitutes an interruption of the plaintiff's regular work routine and the introduction of an unlooked for and untoward event which was not expected or designed by the plaintiff.
13. The deputy commissioner has had the unique opportunity to view the plaintiff's demeanor and to listen to the intonation of his voice. Based on these observations, plaintiff's testimony was found to not be credible with regard to his claim that he injured his neck and back as a result of the forklift incident. The undersigned defer to this credibility call on the deputy commissioner's part. In addition, plaintiff denies having initially refused treatment from the company nurse. However, plaintiff's refusal to allow Dr. Vetters to treat him is consistent with the medical note that records the same behavior toward the company nurse.
***********
Based upon the foregoing stipulations and findings of fact, the undersigned make the following
CONCLUSIONS OF LAW
1. On December 23, 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer when he injured his right ankle in the work assigned. N.C. Gen. Stat. § 97-2(6). However, plaintiff has failed to prove by the greater weight of the credible or convincing evidence that any disability resulted from this injury.
2. Plaintiff has failed to prove by the greater weight of the credible or convincing evidence that he sustained a compensable back and/or neck injury on December 23, 1994.
***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
ORDER
1. Plaintiff's claim for a back and neck injury is HEREBY DENIED.
2. Each side shall pay its own costs.
IT IS FURTHER ORDERED that this case shall be REMOVED from the Full Commission docket.
This the ________________ day of ___________________ 1998.
 S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/kws